### DAVIS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14080. Decided Jan 14, 1935

Samuel Rembrandt and Nathaniel D. Davis, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Fred W. Frey, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, J.

During the argument of this proceeding before this court, counsel went far afield.

In coming to a determination of what should be done with the alleged error, this court cannot concern itself with Marxian theories nor can it take cognizance of statements of counsel as to a general course of conduct on the part of Davis or of other alleged acts of his in similar proceedings. We are bound by the record and to the record we must and do confine ourselves.

If there were any showing in this record of any obstruction of justice or of any intimidation of the court, or if the record showed any attempt on the part of Davis to obstruct justice or to intimidate the court we would, without hesitation, affirm the conviction. However, this record absolutely fails to show any obstruction of justice, any interference with the procedure in the case then being tried, or any intimidation whatever of the trial court. In fact the record, a portion of which we have quoted, shows clearly that the trial court was anything but intimidated by what may have transpired. True, Davis did not comply with a request to get these people out of the court room, and the record does not show whether or not the removing of them was within his power, or whether or not he had brought them into court. The fact is that the bailiff was present and the sheriff was present and the court room was cleared.

From a diligent study of this record, and of all that took place so far as the same is disclosed therein, we fail to see how plaintiff in error could have been found guilty of contempt by the trial court. The conviction was manifestly against the weight of the evidence and the judgment of the trial court must be and the same is hereby reversed. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.